UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS

WEST CLARK                                   NO.: 18-CR-00140-BAJ-EWD

ORDER

Before the Court is Defendant's **Motion to Suppress (Doc. 13)**. The United

States opposes Defendant's Motion. (Doc. 14). The Court held an evidentiary hearing

on this matter. (Doc. 19). For the reasons set forth below, Defendant's Motion is

**DENIED**.

I.      FACTUAL BACKGROUND

This matter arises out of allegations that Agent Scott Courrege of the Baton

Rouge field office of the Drug Enforcement Agency made affirmative

misrepresentations to a judge to obtain a search warrant. (Doc. 13-1 at p. 3). The

search of the subject premises eventually led to the discovery of drugs and a firearm,

and ultimately to Defendant's arrest for being a felon in possession of a firearm. (Doc.

13-1 at p. 3).

Agent Courrege was contacted by Lieutenant Eric Jones of the East Baton

Rouge Sheriff's Office who indicated that a confidential informant ("CI") was willing

to purchase six grams of heroin from the Defendant. (Doc. 14 at p. 1). Prior to the

purchase of the drugs, the CI was searched for money or contraband, and outfitted

with an audio and video recording device. (Id. at p. 2). The CI was given $600.00 in cash and directed to purchase heroin from Defendant. (Id.). Thereafter, the CI entered an apartment located at 11555 Southfork Drive, Building 3, Apartment 1020, and after approximately four minutes, exited the apartment and drove to a prearranged meeting location, whereupon he gave officers Nicholas Dittlinger and Paul Marionneux the recording devices and a clear plastic bag containing a substance that was later determined to be heroin. (Id.). The CI was under surveillance for the entirety of the operation, other than the four minutes he was inside the apartment. (Id.).

A search warrant was applied for and granted. (Doc. 13-1 at p. 2). In the affidavit attached to the search warrant Agent Courrage attested that he "later reviewed the video and audio surveillance device that [the CI] was equipped with at the time of the buy" and that "[i]t is clear that Clark weighed, packaged, and sold the heroin to [the CI] in the apartment." (Id.).

The Court held an evidentiary hearing in this matter. (Doc. 19). At the hearing, Agent Courrage testified that he could not see Defendant's face from the video, and that he could not identify the Defendant by the video alone. Agent Courrage testified that while conducting surveillance, he noticed heavy foot traffic in and out of the apartment, which based on his experience as a law enforcement officer, was consistent with illegal drug activity.[1]

---

[1] Agent Courrage also testified that upon receiving the warrant, the Sheriff's Office waited three days before executing the search warrant but that the building was under surveillance in the intervening days, during which he observed activity that was consistent with the buying and selling of illegal drugs.

Agent Courrage further testified that the CI was shown a photo of Defendant, recognized Defendant, and told the investigators that Defendant was the one who sold him the heroin. Agent Courrage also testified that although the identity of the person packaging and selling the heroin was not clear, he was able to reasonably identify Defendant by his vehicle, Defendant's voice, and the CI's statements.

Defendant argues that based on the quality of the video and audio recordings, it is impossible to identify who was in the video, and that is was an intentional misstatement to claim that it was "clear" that Defendant was the one who sold the heroin. Defendant further argues that if the alleged misstatement is excised from the affidavit, the remaining claims are insufficient to support the issuance of a warrant.

## II. LEGAL STANDARD

To successfully challenge a warrant on the grounds of its underlying affidavit, a defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Defendant bears the burden to make this showing. *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002). Defendant must show "by a preponderance of the evidence that the misrepresentation was made intentionally or with reckless disregard for the truth." *United States v. Gallegos*, 239 F.App'x 890, 895 (5th Cir. 2007). The search warrant must be voided if a defendant establishes the false statement by the preponderance of the evidence, and that without the false statement the affidavit is insufficient to establish probable cause. Id. at 156.

## III. DISCUSSION

The only statement Defendant claims was false was Agent Courrage's statement asserting that it was "clear" that Defendant was the person who sold and packaged the heroin. However, Defendant ignores the context in which the statements in the affidavit were made. The paragraph containing the challenged statement contains four sentences:

1. "[The CI] relinquished an amount of heroin to Agents."

2. "[The CI] stated that the heroin was sold to him/her by CLARK inside of the apartment."

3. "Agent Courrege later reviewed the video and audio surveillance device that [the CI] was equipped with at the time of the buy."

4. "It is clear that CLARK weighed, packaged and sold the heroin to the [the CI] in the apartment."

It appears to the Court that the third sentence in the paragraph was merely inartfully drafted. In the context of the preceding sentence in the affidavit, along with the fact that the CI identified Defendant in an unmarked photograph, the Court finds that the phrase "it is clear" in the affidavit should reasonably be taken to refer to Defendant's involvement in the illicit activity as being obvious, given the totality of the circumstances. In the absence of any other evidence, Defendant has not established by a preponderance of the evidence that Courrage made a false statement, knowingly and intentionally, or with reckless disregard for the truth.

Furthermore, even if the Court finds that the challenged statement was false and orders it stricken from the affidavit, the Court finds that other information in the

supporting affidavit provided sufficient probable cause to justify the issuance of the search warrant.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Suppress (Doc. 13)** is **DENIED**.

Baton Rouge, Louisiana, this **31ST** day of July, 2019.

_____

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**